Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Daniel C. Kiang (SBN 307,961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation, | Civil Action No. **'17 CV 1693 WQH BGS** |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** |
| v. | |
| FRONTIER FASHION, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Frontier Fashion, Inc. ("Defendant") and alleges as follows:

## I.  JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action that relate to design patent infringement and trade dress infringement pursuant to 35 U.S.C. §§ 271 and 281, 15 U.S.C. §§ 1116(a), 1125(a), and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by regularly doing and soliciting business and deriving revenue from goods provided to individuals in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such eyewear products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1390(d) and 1400(b).

## II.  THE PARTIES

4.      Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant Frontier Fashion, Inc. is a corporation organized and existing under

the laws of the State of California, having its principal place of business at 1293 S. Johnson Drive, City of Industry, CA 91745.

6.     Oakley is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

## III. GENERAL ALLEGATIONS

7.     Oakley is one of the world's most iconic brands.  The company and its products, particularly in the realm of eyewear, are instantly and universally recognized for their innovative technology and distinctive style.  Since Oakley's founding, Oakley's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

8.     Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985.  Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9.     On May 8, 2012, the United States Patent & Trademark Office ("U.S.P.T.O.") duly and lawfully issued United States Design Patent No. D659,180 (the "D180 Patent"), titled "EYEGLASS."  Oakley is the owner by assignment of all right, title, and interest in the D180 Patent.  A true and correct copy of the D180 Patent is attached hereto as **Exhibit A**.

10.    On March 29, 2016, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D752,678 (the "D678 Patent"), titled "EYEGLASS."  Oakley is the owner by assignment of all right, title, and interest in the D678 Patent.  A true and correct copy of the D678 Patent is attached hereto as **Exhibit B**.

11.    On May 2, 2017, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D785,700 (the "D700 Patent"), titled "PORTIONS OF AN EYEGLASS."  Oakley is the owner by assignment of all right, title, and

interest in the D700 Patent.  A true and correct copy of the D700 Patent is attached hereto as **Exhibit C**.

12.    On August 7, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D548,269 (the "D269 Patent"), titled "EYEGLASSES."  Oakley is the owner by assignment of all right, title, and interest in the D269 Patent.  A true and correct copy of the D269 Patent is attached hereto as **Exhibit D**.

13.    On February 9, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D609,737 (the "D737 Patent"), titled "EYEGLASS AND EYEGLASS COMPONENT."  Oakley is the owner by assignment of all right, title, and interest in the D737 Patent.  A true and correct copy of the D737 Patent is attached hereto as **Exhibit E**.

14.    On April 6, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D613,329 (the "D329 Patent"), titled "EYEGLASS FRONT."  Oakley is the owner by assignment of all right, title, and interest in the D329 Patent.  A true and correct copy of the D329 Patent is attached hereto as **Exhibit F**.

15.    On July 31, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D547,794 (the "D794 Patent"), titled "EYEGLASSES."  Oakley is the owner by assignment of all right, title, and interest in the D794 Patent.  A true and correct copy of the D794 Patent is attached hereto as **Exhibit G**.

16.    On November 6, 2007, the U.S.P.T.O duly and lawfully issued United States Design Patent No. D554,689 (the "D689 Patent"), titled "EYEGLASS FRAME."  Oakley is the owner by assignment of all right, title, and interest in the D689 Patent.  A true and correct copy of the D689 Patent is attached hereto as **Exhibit H**.

/ / /

17.   On December 4, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D556,818 (the "D818 Patent"), titled "EYEGLASS COMPONENTS."   Oakley is the owner by assignment of all right, title, and interest in the D818 Patent.  A true and correct copy of the D818 Patent is attached hereto as **Exhibit I**.

18.   On July 31, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D547,793 (the "D793 Patent"), titled "EYEGLASSES."   Oakley is the owner by assignment of all right, title, and interest in the D793 Patent.  A true and correct copy of the D793 Patent is attached hereto as **Exhibit J**.

19.   On June 5, 2012, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D661,339 (the "D339 Patent"), titled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D339 Patent.  A true and correct copy of the D339 Patent is attached hereto as **Exhibit K**.

20.   On August 3, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D620,970 (the "D970 Patent"), titled "EYEGLASS COMPONENT."   Oakley is the owner by assignment of all right, title, and interest in the D970 Patent.  A true and correct copy of the D970 Patent is attached hereto as **Exhibit L**.

21.   Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States eyewear that infringes Oakley's intellectual property rights, including the D180 Patent, the D678 Patent, the D700 Patent, the D269 Patent, the D737 Patent, the D329 Patent, the D794 Patent, the D689 Patent, the D818 Patent, the D793 Patent, the D339 Patent, and the D970 Patent (collectively, the "Asserted Patents").

22.   Oakley manufactures and sells sunglasses under the mark HOLBROOK bearing distinctive trade dress in the overall design of the

sunglasses ("HOLBROOK Trade Dress").  An example of an Oakley product bearing the distinctive HOLBROOK Trade Dress is depicted in the photograph attached as **Exhibit M**.

23.   As a result of Oakley's widespread use and display of the HOLBROOK Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the HOLBROOK Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the HOLBROOK Trade Dress constitute high quality products that conform to the specifications created by Oakley, and (c) the HOLBROOK Trade Dress has established strong secondary meaning and extensive goodwill.

24.   The HOLBROOK Trade Dress is not functional.  The design features embodied by the HOLBROOK Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design of the HOLBROOK Trade Dress is not a competitive necessity.

25.   Subsequent to Oakley's use and adoption of the HOLBROOK Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the HOLBROOK Trade Dress.

26.   Oakley manufactures and sells sunglasses under the mark STRAIGHT JACKET bearing distinctive trade dress in the overall design of the earstems of the sunglasses ("STRAIGHT JACKET Trade Dress").  An example of an Oakley product bearing the distinctive STRAIGHT JACKET Trade Dress is depicted in the photograph attached as **Exhibit N**.

27.   As a result of Oakley's widespread use and display of the STRAIGHT JACKET Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the STRAIGHT JACKET Trade Dress as emanating from Oakley, (b) the public recognizes that

1    products bearing the STRAIGHT JACKET Trade Dress constitute high quality
2    products that conform to the specifications created by Oakley, and (c) the
3    STRAIGHT JACKET Trade Dress has established strong secondary meaning
4    and extensive goodwill.

5         28.    The STRAIGHT JACKET Trade Dress is not functional.    The
6    design features embodied by the STRAIGHT JACKET Trade Dress are not
7    essential to the function of the product, do not make the product cheaper or
8    easier to manufacture, and do not affect the quality of the product.  The design
9    of the STRAIGHT JACKET Trade Dress is not a competitive necessity.

10        29.    Subsequent to Oakley's use and adoption of the STRAIGHT
11   JACKET Trade Dress, Defendant has developed, manufactured, imported,
12   advertised, and/or sold products that use trade dress that is confusingly similar
13   to the STRAIGHT JACKET Trade Dress.

14        30.    Oakley manufactures and sells sunglasses under the mark FLAK
15   JACKET bearing distinctive trade dress in the overall design of the front face of
16   the sunglasses ("FLAK JACKET Trade Dress").   An example of an Oakley
17   product bearing the distinctive FLAK JACKET Trade Dress is depicted in the
18   photograph attached as **Exhibit O**.

19        31.    As a result of Oakley's widespread use and display of the FLAK
20   JACKET Trade Dress in association with its eyewear, (a) the public has come to
21   recognize and identify eyewear bearing the FLAK JACKET Trade Dress as
22   emanating from Oakley, (b) the public recognizes that products bearing the
23   FLAK JACKET Trade Dress constitute high quality products that conform to
24   the specifications created by Oakley, and (c) the FLAK JACKET Trade Dress
25   has established strong secondary meaning and extensive goodwill.

26        32.    The FLAK JACKET Trade Dress is not functional.  The design
27   features embodied by the FLAK JACKET Trade Dress are not essential to the
28   function of the product, do not make the product cheaper or easier to

manufacture, and do not affect the quality of the product.  The design of the FLAK JACKET Trade Dress is not a competitive necessity.

33.     Subsequent to Oakley's use and adoption of the FLAK JACKET Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the FLAK JACKET Trade Dress.

34.     Defendant's acts complained of herein have caused Oakley to suffer irreparable injury to its business.  Oakley will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

35.     Oakley is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

36.     Defendant's acts complained of herein have caused Oakley to suffer irreparable injury to its business.  Oakley will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## IV.  <u>FIRST CLAIM FOR RELIEF</u>
### (Patent Infringement)
### (35 U.S.C. § 271)

37.     Oakley repeats and re-alleges the allegations of paragraphs 1-36 of this Complaint as if set forth fully herein.

38.     This is a claim for patent infringement under 35 U.S.C. § 271.

39.     Oakley is informed and believes, and on that basis alleges, that Defendant is the owner of U.S. Trademark Registration No. 3983166 for the

design mark  for "Sunglasses."

/ / /

/ / /

40.     Oakley is informed and believes, and on that basis alleges, that



Defendant sells sunglasses under its brand KHAN and its [  ] mark.

41.     Oakley is informed and believes, and on that basis alleges, that Defendant is the owner of U.S. Trademark Registration No. 2928637 for the mark DXTREME in connection with, for example, eyewear.

42.     Oakley is informed and believes, and on that basis alleges, that Defendant sells sunglasses under its DXTREME mark.

43.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D180 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D180 Patent, including for example, Defendant's Khan Premium Polarized Men's Sport Cycling Fishing Baseball Running model sunglasses as shown below.

| Accused Product | Oakley's Patent |
|---|---|
| Khan Premium Polarized Men's Sport Cycling Fishing Baseball Running Sunglasses | D659,180 |

44.     Defendant's acts of infringement of the D180 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed

in the D180 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's Khan Premium Polarized Men's Sport Cycling Fishing Baseball Running model sunglasses are an identical copy of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D180 Patent.  Defendant infringed the D180 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D180 Patent.  Defendant's acts of infringement of the D180 Patent were not consistent with the standards of commerce for its industry.

45.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D678 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D678 Patents including for example, Defendant's 2J004-CM model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website, www.frontierfashion.com.

| Accused Product | Oakley's Patent |
|---|---|
| 2J004-CM | D752,678 |
|  |  |

46.     Defendant's acts of infringement of the D678 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed

in the D678 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's 2J004-CM model sunglasses are an identical copy of Oakley's designs.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D678 Patent.  Defendant infringed the D678 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D678 Patent.  Defendant's acts of infringement of the D678 Patent were not consistent with the standards of commerce for its industry.

47.    Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D700 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D700 Patent, including for example, Defendant's 2J004-CM model sunglasses as shown below, which were sold and/or offered for sale, for example, on Defendant's website, www.frontierfashion.com.

| Accused Product | Oakley's Patent |
|---|---|
| 2J004-CM | D785,700 |
|  |  |

48.    Defendant's acts of infringement of the D700 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D700 Patent.  Oakley and its iconic designs are well-known throughout

the eyewear industry, and Defendant's 2J004-CM model sunglasses are a nearly identical copy of Oakley's designs.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D700 Patent.  Defendant infringed the D700 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D700 Patent.  Defendant's acts of infringement of the D700 Patent were not consistent with the standards of commerce for its industry.

49.    Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D269 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D269 Patent, including for example, Defendant's P8644-KN and Khan Driving Skiing Biking model sunglasses as shown below, which were sold and/or offered for sale, for example, on Defendant's website, www.frontierfashion.com.

| Accused Product | Oakley's Patent |
|---|---|
| P8644-KN | D548,269 |
|  Khan Driving Skiing Biking Sunglasses  |  |

50.     Defendant's acts of infringement of the D269 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D269 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's P8644-KN and Khan Driving Skiing Biking model sunglasses are identical copies of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D269 Patent.  Defendant infringed the D269 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D269 Patent. Defendant's acts of infringement of the D269 Patent were not consistent with the standards of commerce for its industry.

51.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D737 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D737 Patent, including for example, Defendant's POL-BP0039 model sunglasses as shown below, which were sold and/or offered for sale, for example, on Defendant's website, www.frontierfashion.com.

| Accused Product | Oakley's Patent |
|---|---|
| POL-BP0039 | D609,737 |
|  |  |

COMPLAINT

52.    Defendant's acts of infringement of the D737 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D737 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's POL-BP0039 model sunglasses are an identical copy of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D737 Patent.  Defendant infringed the D737 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D737 Patent.  Defendant's acts of infringement of the D737 Patent were not consistent with the standards of commerce for its industry.

53.    Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D329 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D329 Patent, including for example, Defendant's POL-BP0039 model sunglasses as shown below, which were sold and/or offered for sale, for example, on Defendant's website, www.frontierfashion.com.

| Accused Product | Oakley's Patent |
|---|---|
| POL-BP0039 | D613,329 |
|  |  |

COMPLAINT

54.     Defendant's acts of infringement of the D329 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D329 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's POL-BP0039 model sunglasses are an identical copy of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D329 Patent.  Defendant infringed the D329 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D329 Patent.  Defendant's acts of infringement of the D329 Patent were not consistent with the standards of commerce for its industry.

55.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D794 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D794 Patent, including for example, Defendant's DXT-5019 model sunglasses as shown below, which were sold and/or offered for sale, for example, on Defendant's website, www.frontierfashion.com.

| Accused Product | Oakley's Patent |
|---|---|
| DXT-5019 | D547,794 |
|  |  |

COMPLAINT

56.     Defendant's acts of infringement of the D794 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D794 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's DXT-5019 model sunglasses copy Oakley's design.   Accordingly, Defendant's actions constitute willful and intentional infringement of the D794 Patent.  Defendant infringed the D794 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D794 Patent.  Defendant's acts of infringement of the D794 Patent were not consistent with the standards of commerce for its industry.

57.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D689 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D689 Patent, including for example, Defendant's DXT-5019 model sunglasses as shown below, which were sold and/or offered for sale, for example, on Defendant's website, www.frontierfashion.com.

| Accused Product | Oakley's Patent |
|---|---|
| DXT-5019 | D554,689 |
|  |  |

58.     Defendant's acts of infringement of the D689 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D689 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's DXT-5019 model sunglasses copy Oakley's design.   Accordingly, Defendant's actions constitute willful and intentional infringement of the D689 Patent.  Defendant infringed the D689 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D689 Patent.  Defendant's acts of infringement of the D689 Patent were not consistent with the standards of commerce for its industry.

59.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D818 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D818 Patent, including for example, Defendant's BP0072-CM and DXT-5019 model sunglasses as shown below, which were sold and/or offered for sale, for example, on Defendant's website, www.frontierfashion.com.

| Accused Product | Oakley's Patent |
|---|---|
| BP0072-CM | D556,818 |
|  |  |

| DXT-5019 | |
|---|---|
|  | |

60.     Defendant's acts of infringement of the D818 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D818 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's BP0072-CM and DXT-5019 model sunglasses copy Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D818 Patent.  Defendant infringed the D818 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D818 Patent.  Defendant's acts of infringement of the D818 Patent were not consistent with the standards of commerce for its industry.

61.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D793 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D793 Patent, including for example, Defendant's Khan Slim Shield model sunglasses as shown below.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10

| Accused Product | Oakley's Patent |
|---|---|
| Khan Slim Shield Sunglasses | D547,793 |
|  | |

11    62.    Defendant's acts of infringement of the D793 Patent were
12  undertaken without permission or license from Oakley.  Upon information and
13  belief, Defendant had actual knowledge of Oakley's rights in the design claimed
14  in the D793 Patent.  Oakley and its iconic designs are well-known throughout
15  the eyewear industry, and Defendant's Khan Slim Shield model sunglasses are a
16  nearly identical copy of Oakley's design.  Accordingly, Defendant's actions
17  constitute willful and intentional infringement of the D793 Patent.  Defendant
18  infringed the D793 Patent with reckless disregard of Oakley's patent rights.
19  Defendant knew, or it was so obvious that Defendant should have known, that
20  its actions constituted infringement of the D793 Patent.  Defendant's acts of
21  infringement of the D793 Patent were not consistent with the standards of
22  commerce for its industry.

23    63.    Defendant, through its agents, employees, and/or servants has, and
24  continues to, knowingly, intentionally, and willfully directly infringe the D339
25  Patent by making, using, selling, offering for sale, and/or importing eyewear
26  having a design that would appear to an ordinary observer to be substantially
27  similar to the claim of the D339 Patent, including for example, Defendant's

28

DXtreme Lightweight Sport Men's Baseball Cycling Shield model sunglasses as shown below.

| Accused Product | Oakley's Patent |
|---|---|
| DXtreme Lightweight Sport Men's Baseball Cycling Shield Sunglasses  | D661,339  |

64.    Defendant's acts of infringement of the D339 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D339 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's DXtreme Lightweight Sport Men's Baseball Cycling Shield model sunglasses infringe Oakley's design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D339 Patent.  Defendant infringed the D339 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D339 Patent.  Defendant's acts of infringement of the D339 Patent were not consistent with the standards of commerce for its industry.

65.    Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D970 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D970 Patent, including for example, Defendant's DXT-1325-CM model sunglasses as shown below, which were sold and/or

offered    for    sale,    for    example,    on    Defendant's    website, www.frontierfashion.com.

| Accused Product | Oakley's Patent |
|---|---|
| DXT-1325-CM | D620,970 |
|  |  |

66.    Defendant's acts of infringement of the D970 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D970 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's DXT-1325-CM model sunglasses infringe Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D970 Patent.  Defendant infringed the D970 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D970 Patent.  Defendant's acts of infringement of the D970 Patent were not consistent with the standards of commerce for its industry.

67.    As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

68.    Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

69.     Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

70.     Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of Oakley's design patents.

71.     Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

72.     Defendant will continue to directly and/or indirectly infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless enjoined by this Court.

## V.  <u>SECOND CLAIM FOR RELIEF</u>

(Trade Dress Infringement)
(15 U.S.C. § 1125(a))

73.     Oakley repeats and re-alleges the allegations of paragraphs 1-36 and 39-73 of this Complaint as if set forth fully herein.

74.     This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

75.     Subsequent to Oakley's use and adoption of the HOLBROOK Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the HOLBROOK Trade Dress.   As shown below, for example, Defendant's BP0088-CM and BP0089-SFT model sunglasses, which are sold and/or offered for sale, for example, on Defendant's website www.frontierfashion.com, use a trade dress that is confusingly similar to Oakley's HOLBROOK Trade Dress.

/ / /

/ / /

/ / /

/ / /

/ / /

| Accused Product | HOLBROOK TRADE DRESS |
|---|---|
| BP0088-CM | HOLBROOK Trade Dress |
|  |  |
| BP0089-SFT | |
|  | |

76.     Defendant's use of the HOLBROOK Trade Dress in connection with its sunglasses is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley.

77.     Subsequent to Oakley's use and adoption of the STRAIGHT JACKET and FLAK JACKET Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the STRAIGHT JACKET and FLAK JACKET Trade Dress.   As shown below, for example, Defendant's BP0083 model sunglasses use trade dress that is confusingly similar to Oakley's STRAIGHT JACKET and FLAK JACKET Trade Dress.

/ / /

/ / /

/ / /

/ / /

| Accused Product | HOLBROOK TRADE DRESS |
|---|---|
| BP0083 | STRAIGHT JACKET Trade Dress |



78.    Defendant's use of the STRAIGHT JACKET and FLAK JACKET Trade Dress in connection with its sunglasses is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley.

79.    Oakley is informed and believes, and thereon alleges, that Defendant infringed Oakley's trade dress rights with the intent to unfairly compete with Oakley, to trade upon Oakley's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by Oakley, when they are not, resulting in a loss of reputation in, and mischaracterization of, Oakley's products and its brand, damaging its marketability and saleability.

80.    Defendant's activities constitute willful and intentional infringement of the Oakley's trade dress rights in total disregard of Oakley's proprietary rights, and were done despite Defendant's knowledge that the use of

each of the HOLBROOK Trade Dress, STRAIGHT JACKET Trade Dress, and FLAK JACKET Trade Dress was and is in direct contravention of Oakley's rights.

81.   Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to Oakley.  By reason of Defendant's actions, constituting trade dress infringement, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

82.   Due to Defendant's actions, constituting trade dress infringement, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

83.   Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's infringing acts, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## VI.  <u>THIRD CLAIM FOR RELIEF</u>

(Federal Unfair Competition & False Designation of Origin)
(15 U.S.C. § 1125(a))

84.   Oakley repeats and re-alleges the allegations of paragraphs 1-36 and 73-83 of this Complaint as if set forth fully herein.

85.   This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

86.   Defendant's use of the HOLBROOK Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship,

or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

87.     Defendant's use of the HOLBROOK Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

88.     Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the HOLBROOK Trade Dress or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

89.     Defendant's use of the STRAIGHT JACKET Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

90.     Defendant's use of the STRAIGHT JACKET Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

COMPLAINT

91.   Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the STRAIGHT JACKET Trade Dress or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

92.   Defendant's use of the FLAK JACKET trade dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

93.   Defendant's use of the FLAK JACKET Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

94.   Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the FLAK JACKET Trade Dress or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

/ / /

COMPLAINT

95.    Oakley is informed and believes, and thereon alleges, that Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

96.    Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, false or misleading representations of fact, and/or unfair competition in an amount that is not presently known to Oakley.  By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and/or unfair competition, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

97.    Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, and/or unfair competition, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

98.    Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's acts constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and/or unfair competition, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## VII.  FIFTH CLAIM FOR RELIEF

(California Unfair Competition)

99.    Oakley repeats and re-alleges the allegations of paragraphs 1-36 and 73-98 of this Complaint as if set forth fully herein.

100. This is a claim for unfair competition, arising under California Business & Professions Code § 17200, *et seq.* and California common law.

101. Defendant's acts of trade dress infringement, and false designation of origin, complained of herein constitute unfair competition with Oakley under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 *et seq.*

102. Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to Oakley. By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

103. By its actions, Defendant has injured and violated the rights of Oakley and has irreparably injured Oakley, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from making, using, selling, offering to sell, and/or importing Defendant's Khan Premium Polarized Men's Sport Cycling Fishing Baseball Running Sunglasses, 2J004-CM, P8644-KN, Khan Driving Skiing Biking Sunglasses, POL-BP0039, DXT-5019, BP0072-CM, Khan Slim Shield, DXtreme Lightweight Sport Men's Baseball Cycling Shield Sunglasses, DXT-1325-CM, and any products that are not colorably different from these products;

C.     A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from infringing any of the Asserted Patents in violation of 35 U.S.C. § 271;

D.     That Defendant accounts for all gains, profits, and advantages derived by Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and that Defendant pays to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

E.     An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

F.     That the Court find for Oakley and against Defendant on Oakley's claims of trade dress infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a);

G.     That the Court find for Oakley and against Defendant on Oakley's claims of unfair competition under California Business & Professions Code § 17200, *et seq.* and California common law;

H.     That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1.     Manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's BP0088-CM, BP0089-SFT, and BP0083 products shown above and any products that are not colorably different therefrom;

2. using Oakley's HOLBROOK Trade Dress, or any other trade dress that is confusingly similar to Oakley's HOLBROOK Trade Dress;

3. using Oakley's STRAIGHT JACKET Trade Dress, or any other trade dress that is confusingly similar to Oakley's STRAIGHT JACKET Trade Dress;

4. using Oakley's FLAK JACKET Trade Dress, or any other trade dress that is confusingly similar to Oakley's FLAK JACKET Trade Dress;

5. falsely designating the origin of Defendant's goods;

6. unfairly competing with Oakley in any manner whatsoever;

7. causing a likelihood of confusion or injuries to Oakley's business reputation; and,

8. manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling any goods that infringe Oakley's HOLBROOK Trade Dress, STRAIGHT JACKET Trade Dress or FLAK JACKET Trade Dress.

I. That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation of origin, and unfair competition, and that Oakley be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

1. all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled;

2. all damages sustained by Oakley as a result of Defendant's acts of trade dress infringement, unfair competition, and

false designation of origin, and that such damages be trebled; and

      3.     punitive damages stemming from Defendant's willful, intentional, and malicious acts;

J.     That such damages and profits be trebled and awarded to Oakley pursuant to 15 U.S.C. § 1117;

K.     An Order adjudging that this is an exceptional case;

L.     That, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Oakley all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117 and/or 35 U.S.C. § 285;

M.     That Oakley recover exemplary damages pursuant to California Civil Code § 3294;

N.     An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

O.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: August 22, 2017    By: */s/ Ali S. Razai*

Michael K. Friedland
michael.friedland@knobbe.com
Ali S. Razai
ali.razai@knobbe.com
Daniel C. Kiang
daniel.kiang@knobbe.com

Attorneys for Plaintiff
OAKLEY, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 22, 2017       By: */s/ Ali S. Razai*
                                Michael K. Friedland
                                michael.friedland@knobbe.com
                                Ali S. Razai
                                ali.razai@knobbe.com
                                Daniel C. Kiang
                                daniel.kiang@knobbe.com
                                Attorneys for Plaintiff
                                OAKLEY, INC.

26500201

- 32 -                                    COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF EXHIBITS**

**Page #**

Exhibit A ...................................................................................................... 1

Exhibit B ...................................................................................................... 7

Exhibit C .................................................................................................... 14

Exhibit D .................................................................................................... 21

Exhibit E .................................................................................................... 26

Exhibit F .................................................................................................... 31

Exhibit G ................................................................................................... 35

Exhibit H ................................................................................................... 40

Exhibit I ..................................................................................................... 45

Exhibit J ..................................................................................................... 51

Exhibit K .................................................................................................... 56

Exhibit L .................................................................................................... 61

Exhibit M ................................................................................................... 67

Exhibit N .................................................................................................... 68

Exhibit O .................................................................................................... 69

# EXHIBIT A



US00D659180S

(12) **United States Design Patent**     (10) Patent No.:       **US D659,180 S**
Moritz                                    (45) Date of Patent:   ** **May 8, 2012**

(54) **EYEGLASS**

(75) Inventor:   **Hans Moritz**, Foothill Ranch, CA (US)

(73) Assignee:   **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term:       **14 Years**

(21) Appl. No.:  **29/403,414**

(22) Filed:      **Oct. 5, 2011**

(51) **LOC (9) Cl.** ............................................... **16-06**
(52) **U.S. Cl.** ...................... **D16/314**; D16/321; D16/335
(58) **Field of Classification Search** ................ D16/101,
      D16/300–342, 900; D29/109–110; D24/110.2;
      351/41, 44, 51–52, 62, 158, 92, 103–123;
      351/140, 153, 45–46; 2/426–432, 447–449,
      2/441, 434–437, 13, 15; D21/483, 659–661;
      D14/372
      See application file for complete search history.

(56)                **References Cited**

             U.S. PATENT DOCUMENTS

D176,316  S    12/1955  Fleming
D178,178  S     7/1956  Fleming
D196,000  S     8/1963  McNeill
5,760,868 A     6/1998  Jannard et al.
D397,354  S     8/1998  Kuo
D398,021  S     9/1998  Bolle
D399,866  S    10/1998  Yee
5,903,331 A     5/1999  Lin
D415,186  S    10/1999  Tabacchi
5,987,653 A    11/1999  Cyr
D430,591  S     9/2000  Arnette
D440,594  S     4/2001  Yasuhara
D441,781  S     5/2001  Garneau
D447,162  S     8/2001  Jannard et al.
D447,764  S     9/2001  Chen
D459,746  S     7/2002  Wang
D469,459  S     1/2003  Moritz
D473,892  S     4/2003  Thixton et al.
D474,223  S     5/2003  Chen
D476,354  S     6/2003  Chen

D478,927  S     8/2003  Teng
D483,392  S    12/2003  Chen
D483,791  S    12/2003  Thixton et al.
D489,394  S     5/2004  Teng
D505,150  S  *  5/2005  Yee et al. .................... D16/314
D508,515  S     8/2005  Yee et al.
D511,540  S    11/2005  Hsu
D513,275  S  * 12/2005  Yee ............................. D16/326
D513,761  S     1/2006  Yee et al.
D514,613  S     2/2006  Jannard et al.
D519,148  S     4/2006  Wu
D529,066  S     9/2006  Matera
D533,889  S    12/2006  Saderholm et al.
D539,833  S     4/2007  Chuang
D543,572  S     5/2007  Yee et al.
D543,574  S     5/2007  Jannard et al.
7,222,958 B1    5/2007  Chiou
D544,020  S     6/2007  Thixton et al.
D545,868  S     7/2007  Chuang
D553,173  S    10/2007  Baden et al.
D555,705  S    11/2007  Chuang

                       (Continued)

*Primary Examiner* — Raphael Barkai
(74) *Attorney, Agent, or Firm* — Knobbe Martens Olson &
Bear, LLP

(57)                **CLAIM**
The ornamental design for an eyeglass, as shown and
described.

                    **DESCRIPTION**

FIG. **1** is a front perspective view of an eyeglass of the present
invention;
FIG. **2** is a front elevational view thereof;
FIG. **3** is a rear elevational view thereof;
FIG. **4** is a left side elevational view thereof, the right side
elevational view being a mirror image thereof;
FIG. **5** is a top plan view thereof; and,
FIG. **6** is a bottom plan view thereof.
The broken line portions of the drawings are for illustrative
purposes only and form no part of the claimed design.

                **1 Claim, 4 Drawing Sheets**



**EXHIBIT A**

- 1 -

**US D659,180 S**

Page 2

| U.S. PATENT DOCUMENTS | | | |
|---|---|---|---|
| D561,809 | S | 2/2008 | Yee |
| D564,568 | S | 3/2008 | Moritz |
| D564,571 | S | 3/2008 | Jannard et al. |
| D565,089 | S | 3/2008 | Moritz |
| D569,412 | S | 5/2008 | Jannard et al. |
| D570,897 | S | 6/2008 | Fuchs |
| D575,324 | S | 8/2008 | Moritz |
| D581,443 | S | 11/2008 | Jannard et al. |
| D581,444 | S | 11/2008 | Jannard et al. |
| D585,475 | S | 1/2009 | Yang |
| 7,497,569 | B2 | 3/2009 | Webb |
| D590,432 | S | 4/2009 | Yee |
| D591,787 | S | 5/2009 | Yee |
| D595,757 | S | * 7/2009 | Yang ........................... D16/314 |
| D600,269 | S | 9/2009 | Masui |

| | | | |
|---|---|---|---|
| D601,613 | S | 10/2009 | Yee |
| D603,443 | S | * 11/2009 | Li ................................ D16/314 |
| D604,757 | S | 11/2009 | Yee |
| D604,759 | S | 11/2009 | Rohrbach et al. |
| D609,266 | S | * 2/2010 | Yasuhara et al. ............. D16/314 |
| D610,603 | S | 2/2010 | Thixton |
| D614,226 | S | * 4/2010 | Fulton et al. ................. D16/314 |
| D614,685 | S | * 4/2010 | Moritz ........................ D16/321 |
| D615,580 | S | 5/2010 | Baden et al. |
| D616,485 | S | 5/2010 | Thixton |
| D622,755 | S | 8/2010 | Yee |
| D630,675 | S | * 1/2011 | Lampru ....................... D16/335 |
| D636,010 | S | 4/2011 | Moritz |
| D640,725 | S | 6/2011 | Moritz et al. |

\* cited by examiner

**EXHIBIT A**



*FIG. 1*

**U.S. Patent**      **May 8, 2012**      **Sheet 2 of 4**      **US D659,180 S**



*FIG. 2*



*FIG. 3*



*FIG. 4*

U.S. Patent          May 8, 2012          Sheet 3 of 4          US D659,180 S



*FIG. 5*

**U.S. Patent**　　　May 8, 2012　　　Sheet 4 of 4　　　US D659,180 S

## FIG. 6



# EXHIBIT B



US00D752678S

(12) **United States Design Patent**      (10) Patent No.:      **US D752,678 S**
     Thixton                              (45) Date of Patent:    ** **Mar. 29, 2016**

(54) **EYEGLASS**

(71) Applicant: **Oakley, Inc.**, Foothill Ranch, CA (US)

(72) Inventor: **Lek Haagen Thixton**, Eastsound, WA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/491,890**

(22) Filed: **May 27, 2014**

(51) LOC (10) Cl. ................................................ **16-06**

(52) **U.S. Cl.**
     USPC ............................................................. **D16/326**

(58) **Field of Classification Search**
     USPC ........ D16/101, 300–342, 900; D29/109–110;
                     351/41, 44, 51–52, 62, 158, 92,
                     351/103–123, 140–153, 63, 59, 45–48;
                     2/426–432, 447–449, 441, 434–437,
                     2/440, 442, 13, 15; D21/483, 659–661;
                                                      D14/372
     CPC ........ G02C 2200/08; G02C 1/06; G02C 5/14;
              G02C 11/02; G02C 11/04; A61M 2021/0044;
                               A63B 33/002; G01C 5/16
     See application file for complete search history.

(56)                     **References Cited**

                    U.S. PATENT DOCUMENTS

     D192,884  S    5/1962   Petitto
     D205,419  S    8/1966   Griss
     D404,055  S    1/1999   Davis
     D423,035  S    4/2000   Yee et al.
     D478,929  S    8/2003   Baden et al.
     D496,680  S    9/2004   Yee
     D497,380  S   10/2004   Thixton
     D508,515  S    8/2005   Yee
     D513,275  S   12/2005   Yee
     D513,761  S    1/2006   Yee
     D537,467  S    2/2007   Teng

     D539,831  S    4/2007   Hsu
     D539,833  S    4/2007   Chuang
     D540,370  S    4/2007   Sheldon
     D540,846  S    4/2007   Sheldon
     D541,839  S    5/2007   Sheldon
     D543,572  S    5/2007   Yee et al.
     D543,574  S    5/2007   Jannard et al.
     D545,868  S    7/2007   Chuang
     D549,268  S    8/2007   Daems et al.
     D552,665  S   10/2007   Mage
     D553,177  S   10/2007   Chen
     D556,246  S   11/2007   Yee
     D558,816  S    1/2008   Yee
     D561,813  S    2/2008   Baden et al.
     D564,571  S    3/2008   Jannard et al.
     D564,572  S    3/2008   Yee et al.
     D565,088  S    3/2008   Baden et al.
     D565,089  S    3/2008   Moritz
     D569,412  S    5/2008   Jannard et al.
     D572,747  S    7/2008   Baden et al.
     D572,749  S    7/2008   Yee

                                         (Continued)

*Primary Examiner* — Raphael Barkai
(74) *Attorney, Agent, or Firm* — Knobbe Martens Olson & Bear, LLP

(57)                        **CLAIM**
The ornamental design for an eyeglass, as shown and described.

                        **DESCRIPTION**

FIG. **1** is a front perspective view of an eyeglass showing an embodiment of our new design;
FIG. **2** is a front elevational view thereof;
FIG. **3** is a rear elevational view thereof;
FIG. **4** is a left side elevational view thereof, the right side elevational view being a mirror image thereof;
FIG. **5** is a top plan view thereof; and,
FIG. **6** is a bottom plan view thereof.
The dash-dash broken lines in the Figures show portions of the eyeglass which form no part of the claimed design.

                    **1 Claim, 5 Drawing Sheets**

 

**US D752,678 S**

Page 2

(56)  **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D573,172 S | | 7/2008 | Baden et al. |
| D575,324 S | | 8/2008 | Moritz |
| D577,759 S | | 9/2008 | Yee |
| D581,444 S | | 11/2008 | Jannard et al. |
| D584,335 S | | 1/2009 | Baden et al. |
| D595,333 S | | 6/2009 | Markovitz et al. |
| D599,835 S | | 9/2009 | Yee |
| D599,838 S | * | 9/2009 | Rohrbach .................... D16/326 |
| D601,613 S | | 10/2009 | Yee |
| D615,580 S | | 5/2010 | Baden et al. |
| D616,485 S | | 5/2010 | Thixton |
| D622,302 S | | 8/2010 | Yee |
| D622,303 S | | 8/2010 | Thixton |
| D622,755 S | | 8/2010 | Yee |

| | | | |
|---|---|---|---|
| D623,217 S | | 9/2010 | Markovitz et al. |
| D629,830 S | | 12/2010 | Markovitz et al. |
| D630,674 S | * | 1/2011 | Markovitz .................... D16/326 |
| D640,725 S | | 6/2011 | Moritz et al. |
| D650,825 S | | 12/2011 | Yee et al. |
| D652,442 S | | 1/2012 | Yee et al. |
| D659,180 S | | 5/2012 | Moritz |
| D659,182 S | | 5/2012 | Shin et al. |
| D662,124 S | | 6/2012 | Shin |
| D675,664 S | | 2/2013 | Moritz |
| D675,666 S | * | 2/2013 | Thixton et al. .............. D16/326 |
| D676,898 S | | 2/2013 | Shin et al. |
| D687,481 S | | 8/2013 | Moritz |
| D701,896 S | * | 4/2014 | Markovitz et al. ........... D16/326 |
| D707,284 S | * | 6/2014 | Yoo .............................. D16/335 |
| D720,799 S | * | 1/2015 | Thixton ....................... D16/335 |
| D725,177 S | * | 3/2015 | Crescenzi .................... D16/326 |

* cited by examiner

**EXHIBIT B**

- 8 -

**U.S. Patent**     Mar. 29, 2016     Sheet 1 of 5     US D752,678 S



FIG. 1



FIG. 2



FIG. 3



FIG. 4

U.S. Patent        Mar. 29, 2016        Sheet 4 of 5        US D752,678 S



FIG. 5



**FIG. 6**

# EXHIBIT C



US00D785700S

(12) **United States Design Patent**      (10) Patent No.:       **US D785,700 S**
      Thixton                                                    (45) Date of Patent:    ✱✱   **May 2, 2017**

(54) **PORTIONS OF AN EYEGLASS**

(71) Applicant: **Oakley, Inc.**, Foothill Ranch, CA (US)

(72) Inventor: **Lek Haagen Thixton**, Eastsound, WA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(✱✱) Term: **15 Years**

(21) Appl. No.: **29/543,151**

(22) Filed: **Oct. 21, 2015**

**Related U.S. Application Data**

(62) Division of application No. 29/491,890, filed on May 27, 2014, now Pat. No. Des. 752,678.

(51) LOC (10) Cl. ............................................. **16-06**

(52) **U.S. Cl.**
      USPC ............................................. **D16/335**

(58) **Field of Classification Search**
      USPC ....... D16/101, 300–342, 900; D29/109–110;
            351/41, 44, 51–52, 62, 158, 92, 103–123,
            351/140–153, 63, 59, 45–48; 2/426–432,
            2/447–449, 441, 434–437, 440, 442, 13,
            2/15; D21/483, 659–661; D14/372;
            D8/356
      CPC ........ G02C 2200/08; G02C 1/06; G02C 5/14;
            G02C 11/02; G02C 11/04; G01C 5/16;
            A61M 2021/0044; A63B 33/002
      See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D192,884 S | 5/1962 | Petitto | |
| D205,419 S | 8/1966 | Griss | |
| D404,055 S | 1/1999 | Davis | |
| D423,035 S | 4/2000 | Yee et al. | |
| D464,669 S | * 10/2002 | Thixton | D16/326 |
| D478,929 S | 8/2003 | Baden et al. | |
| D496,680 S | 9/2004 | Yee | |
| D497,380 S | 10/2004 | Thixton | |
| D508,515 S | 8/2005 | Yee | |
| D513,275 S | 12/2005 | Yee | |
| D513,761 S | 1/2006 | Yee | |
| D537,467 S | 2/2007 | Teng | |
| D539,831 S | 4/2007 | Hsu | |

(Continued)

*Primary Examiner* — Raphael Barkai
(74) *Attorney, Agent, or Firm* — Knobbe Martens Olson & Bear, LLP

(57) **CLAIM**

The ornamental design for portions of an eyeglass, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of portions of an eyeglass showing another embodiment of our new design in which the different shading techniques including the line shading in some areas and the stippling in other areas of the eyeglass does not represent a contrast in appearance and does not represent any specific color, texture and/or material. In other embodiments, the different shading techniques including the line shading in some areas and the stippling in other areas of portions of the eyeglass does represent a contrast in appearance, but is not intended to represent any specific color, texture and/or material;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left side elevational view thereof, the right side elevational view being a mirror image thereof;

FIG. **5** is a top plan view thereof; and,

FIG. **6** is a bottom plan view thereof.

The dot-dash-dot broken lines in the Figures along the front of the portion of the eyeglass denote unclaimed boundaries of the claimed design, and the dash-dash broken lines in the Figures show portions of the eyeglass which form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



**EXHIBIT C**

- 14 -

**US D785,700 S**

Page 2

(56)          **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D539,833 | S | 4/2007 | Chuang |
| D540,370 | S | 4/2007 | Sheldon |
| D540,846 | S | 4/2007 | Sheldon |
| D541,839 | S | 5/2007 | Sheldon |
| D543,572 | S | 5/2007 | Yee et al. |
| D543,574 | S | 5/2007 | Jannard et al. |
| D545,868 | S | 7/2007 | Chuang |
| D549,268 | S | 8/2007 | Daems et al. |
| D552,665 | S | 10/2007 | Mage |
| D553,177 | S | 10/2007 | Chen |
| D556,246 | S | 11/2007 | Yee |
| D558,816 | S | 1/2008 | Yee |
| D561,813 | S | 2/2008 | Baden et al. |
| D564,571 | S | 3/2008 | Jannard et al. |
| D564,572 | S | 3/2008 | Yee et al. |
| D565,088 | S | 3/2008 | Baden et al. |
| D565,089 | S | 3/2008 | Moritz |
| D569,412 | S | 5/2008 | Jannard et al. |
| D572,747 | S | 7/2008 | Baden et al. |
| D572,749 | S | 7/2008 | Yee |
| D573,172 | S | 7/2008 | Baden et al. |
| D575,324 | S | 8/2008 | Moritz |
| D577,759 | S | 9/2008 | Yee |
| D581,444 | S | 11/2008 | Jannard et al. |
| D584,335 | S | 1/2009 | Baden et al. |
| D595,333 | S | 6/2009 | Markovitz et al. |

| | | | | |
|---|---|---|---|---|
| D599,835 | S | 9/2009 | Yee | |
| D599,838 | S | 9/2009 | Rohrbach | |
| D601,613 | S | 10/2009 | Yee | |
| D615,580 | S | 5/2010 | Baden et al. | |
| D616,485 | S | 5/2010 | Thixton | |
| D622,302 | S | 8/2010 | Yee | |
| D622,303 | S | 8/2010 | Thixton | |
| D622,755 | S | 8/2010 | Yee | |
| D623,217 | S | 9/2010 | Markovitz et al. | |
| D629,830 | S | 12/2010 | Markovitz et al. | |
| D630,674 | S | 1/2011 | Markovitz | |
| D640,725 | S | 6/2011 | Moritz et al. | |
| D650,825 | S | 12/2011 | Yee et al. | |
| D652,442 | S | 1/2012 | Yee et al. | |
| D659,180 | S | 5/2012 | Moritz | |
| D659,182 | S | 5/2012 | Shin et al. | |
| D662,124 | S | 6/2012 | Shin | |
| D675,664 | S | 2/2013 | Moritz | |
| D675,666 | S | 2/2013 | Thixton et al. | |
| D676,898 | S | 2/2013 | Shin et al. | |
| D687,481 | S | 8/2013 | Moritz | |
| D692,047 | S | * 10/2013 | Shin | D16/325 |
| D700,933 | S | * 3/2014 | Shin | D16/326 |
| D701,896 | S | 4/2014 | Markovitz et al. | |
| D707,284 | S | 6/2014 | Yoo | |
| D710,434 | S | * 8/2014 | Thixton | D16/335 |
| D720,799 | S | 1/2015 | Thixton | |
| D725,177 | S | 3/2015 | Crescenzi | |

* cited by examiner

**EXHIBIT C**

- 15 -



FIG. 1

EXHIBIT C

- 16 -



**FIG. 2**



**FIG. 3**

**EXHIBIT C**

- 17 -

U.S. Patent          May 2, 2017          Sheet 3 of 5          US D785,700 S



FIG. 4

EXHIBIT C

- 18 -



FIG. 5

EXHIBIT C
- 19 -



FIG. 6

EXHIBIT C

- 20 -

# EXHIBIT D



US00D548269S

(12) **United States Design Patent** (10) Patent No.: **US D548,269 S**
Baden et al. (45) Date of Patent: **\*\* Aug. 7, 2007**

(54) **EYEGLASSES**

(75) Inventors: **Colin Baden**, Irvine, CA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(\*\*) Term: **14 Years**

(21) Appl. No.: **29/225,027**

(22) Filed: **Mar. 9, 2005**

(51) **LOC (8) Cl.** ................................... **16-06**
(52) **U.S. Cl.** .................................. **D16/326**; D16/313
(58) **Field of Classification Search** ....... D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–111, 351/156, 61, 114–119, 121–123; 2/426–432, 2/447–449, 441, 436, 434–437
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D187,299 S | 2/1960 | Behr |
| D193,028 S | 6/1962 | Petitto |
| D199,150 S | 9/1964 | Carmichael |
| D202,658 S | 10/1965 | Petitto |
| D204,812 S | 5/1966 | Shindler |
| D209,862 S | 1/1968 | McCracken |
| D210,048 S | 1/1968 | Imperatice |
| 3,689,136 A | 9/1972 | Atamian |
| D268,683 S | 4/1983 | Tenny |
| D285,020 S | 8/1986 | Schmidthaler |
| D289,301 S | 4/1987 | Jannard |
| D327,081 S | \* 6/1992 | Nakamura et al. ......... D16/313 |
| D372,726 S | 8/1996 | Simioni |
| D378,376 S | 3/1997 | Tsai |
| D431,257 S | \* 9/2000 | Yang ........................ D16/313 |
| D537,861 S | \* 3/2007 | Teng ........................ D16/325 |

OTHER PUBLICATIONS

Asia Pacific Trading Co., Inc., "Asia Pacific 1999-2000", p. 52.
Asia Pacific Trading Co., Inc., "Asia Pacific 2000 Supplement," p. 20.
Alpina, "Ski & sportglasses by Alpina '96/'97," pp. 1-12.
Alpina, "Preisliste Sport 1996/1997, Optik," all pages.
Berthet-Bondet S.A., "BBSOL Lunettes De Soleil 1986," all pages, published in Oyannaax Cedex, France.
Berthet-Bondet S.A., "BBSOL Lunettes De Soleil 1984," all pages published in Oyonnaax Cedex, France.
Berthet-Bonet S.A., "BBSOL Lunettes De Soleil 1983," p. 5, published in Oyonnaax Cedex, France.
VOGUE 3511 S sunglass model, unknown publishing date, printed from 222.sunglasshut.com on Jul. 18, 2005.
Killer Loop Sheer sunglass model, unknown publishing date, printed from www.sunglasshut.com on Jul. 18, 2005.

\* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for an eyeglasses, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglasses of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view of the eyeglasses, the right side elevational view being a mirror image thereof;

FIG. **5** is a top plan view thereof; and,

FIG. **6** is a bottom plan view thereof.

**1 Claim, 4 Drawing Sheets**



U.S. Patent     Aug. 7, 2007     Sheet 1 of 4     US D548,269 S



## *FIG. 1*



# FIG. 2



# FIG. 3



# FIG. 4



## FIG. 5



## FIG. 6

# EXHIBIT E



US00D609737S

(12) **United States Design Patent**    (10) **Patent No.:**        **US D609,737 S**
Jannard et al.                                                        (45) **Date of Patent:**    \*\*    **Feb. 9, 2010**

(54) **EYEGLASS AND EYEGLASS COMPONENT**

(75) Inventors: **James H. Jannard**, Spieden Island, WA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Lek Thixton**, Orcas, WA (US); **Colin Baden**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(\*\*) Term:        **14 Years**

(21) Appl. No.: **29/312,428**

(22) Filed:        **Oct. 20, 2008**

(51) **LOC (9) Cl.** ................................................. **16-06**
(52) **U.S. Cl.** .................................... **D16/326**; D16/335
(58) **Field of Classification Search** ................ D16/101, D16/300–342; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–123, 351/140, 153, 45–46, 157; 2/426–432, 447–449, 2/441, 434–437, 13, 15; D21/483, 659–661
See application file for complete search history.

(56)            **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D384,686 S | 10/1997 | Jannard et al. |
| D399,239 S | 10/1998 | Jannard et al. |
| D422,298 S | 4/2000 | Jannard et al. |
| D456,441 S | 4/2002 | Jannard et al. |
| D464,669 S | 10/2002 | Thixton et al. |
| D469,459 S | 1/2003 | Moritz |
| D470,166 S | 2/2003 | Yee et al. |
| D473,583 S | 4/2003 | Thixton et al. |
| D477,623 S | 7/2003 | Thixton et al. |
| D478,929 S | 8/2003 | Baden et al. |

| | | | |
|---|---|---|---|
| D484,173 S | 12/2003 | Jannard et al. | |
| D496,680 S | 9/2004 | Yee | |
| D513,275 S | 12/2005 | Yee | |
| D539,833 S | 4/2007 | Chuang | |
| D543,574 S | \* | 5/2007 | Jannard et al. ............. D16/326 |
| D564,572 S | 3/2008 | Yee et al. | |
| D565,089 S | 3/2008 | Moritz | |
| D575,324 S | 8/2008 | Moritz | |
| D584,335 S | 1/2009 | Baden et al. | |
| D600,268 S | \* | 9/2009 | Masui ....................... D16/315 |

\* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57)            **CLAIM**

The ornamental design for an eyeglass and eyeglass component, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass and the eyeglass component of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **5** is a top plan view thereof; and,

FIG. **6** is a bottom plan view thereof.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 4 Drawing Sheets**





# *FIG. 1*



*FIG. 2*



*FIG. 3*



*FIG. 4*



*FIG. 5*



*FIG. 6*

# EXHIBIT F



US00D613329S

(12) **United States Design Patent**
Jannard et al.

(10) Patent No.: **US D613,329 S**
(45) Date of Patent: ** Apr. 6, 2010

(54) **EYEGLASS FRONT**

(75) Inventors: **James H. Jannard**, Spieden Island, WA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Lek Thixton**, Orcas, WA (US); **Colin Baden**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/348,061**

(22) Filed: **Nov. 23, 2009**

**Related U.S. Application Data**

(62) Division of application No. 29/312,428, filed on Oct. 20, 2008.

(51) LOC (9) Cl. ................................................ **16-06**
(52) U.S. Cl. ..................................................... **D16/326**
(58) **Field of Classification Search** ............... D16/101, D16/300–342; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–123, 351/140, 153, 45–46, 157; 2/426–432, 447–449, 2/441, 434–437, 13, 15; D21/483, 659–661
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D384,686 S | 10/1997 | Jannard et al. |
| D399,239 S | 10/1998 | Jannard et al. |
| D422,298 S | 4/2000 | Jannard et al. |
| D456,441 S | 4/2002 | Jannard et al. |
| D464,669 S | 10/2002 | Thixton et al. |
| D469,459 S | 1/2003 | Moritz |
| D470,166 S | 2/2003 | Yee et al. |
| D473,583 S | 4/2003 | Thixton et al. |
| D477,623 S | 7/2003 | Thixton et al. |
| D478,929 S | 8/2003 | Baden et al. |
| D484,173 S | 12/2003 | Jannard et al. |
| D496,680 S | 9/2004 | Yee |
| D513,275 S | 12/2005 | Yee |
| D539,833 S | 4/2007 | Chuang |
| D543,574 S | * 5/2007 | Jannard et al. .............. D16/326 |
| D564,572 S | 3/2008 | Yee et al. |
| D565,089 S | 3/2008 | Moritz |
| D575,324 S | 8/2008 | Moritz |
| D584,335 S | 1/2009 | Baden et al. |
| D600,268 S | * 9/2009 | Masui ...................... D16/315 |

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for an eyeglass front, as shown.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass front of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **5** is a top plan view thereof; and,

FIG. **6** is a bottom elevational view thereof.

**1 Claim, 3 Drawing Sheets**



**EXHIBIT F**

**U.S. Patent**          Apr. 6, 2010          Sheet 1 of 3          **US D613,329 S**



# *FIG. 1*



*FIG. 2*



*FIG. 3*



*FIG. 4*



*FIG. 5*



*FIG. 6*

# EXHIBIT G



US00D547794S

(12) **United States Design Patent** (10) Patent No.: **US D547,794 S**

Jannard et al.                          (45) Date of Patent:  ** Jul. 31, 2007

(54) **EYEGLASSES**

(75) Inventors: **James H. Jannard**, Spieden Island, WA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Colin Baden**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/227,719**

(22) Filed: **Apr. 13, 2005**

(51) LOC (8) Cl. ............................................... **16-06**
(52) U.S. Cl. ................................................... **D16/326**
(58) **Field of Classification Search** ....... D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–111, 351/156, 61, 114–119, 121–123; 2/426–432, 2/447–449, 441, 436, 434–437

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D192,885 S | * 5/1962 | Petitto | ........................ D16/329 |
| D193,028 S | 6/1962 | Petitto | |
| D199,150 S | 9/1964 | Carmichael | |
| D202,658 S | 10/1965 | Petitto | |
| D209,862 S | 1/1968 | McCracken | |
| D210,418 S | * 3/1968 | Bloch | ........................ D16/326 |
| D218,569 S | * 9/1970 | McCracken | .......... D16/325 |
| D264,094 S | * 4/1982 | Morris | ........................ D16/325 |
| D268,683 S | 4/1983 | Tenny | |
| D285,020 S | 8/1986 | Schmidthaler | |
| D372,726 S | 8/1996 | Simioni | |
| D390,589 S | 2/1998 | Simioni | |
| D397,351 S | 8/1998 | Simioni | |
| D399,238 S | * 10/1998 | Simioni | .......... D16/326 |
| D407,099 S | 3/1999 | Wang | |

| | | | |
|---|---|---|---|
| D414,796 S | 10/1999 | Arnette | |
| D420,035 S | * 2/2000 | Hartman | .................... D16/325 |
| D449,641 S | * 10/2001 | Arnette | .................... D16/326 |
| D488,499 S | * 4/2004 | Mage | .................... D16/326 |
| D500,781 S | * 1/2005 | Mage | .................... D16/326 |
| D518,847 S | * 4/2006 | Teng | .................... D16/326 |
| D532,033 S | 11/2006 | Mangum | .................... D16/326 |
| D534,572 S | * 1/2007 | Teng | .................... D16/326 |
| D534,573 S | * 1/2007 | Mage | .................... D16/326 |
| D536,028 S | * 1/2007 | Paulson | .................... D16/326 |
| D537,467 S | * 2/2007 | Teng | .................... D16/326 |

OTHER PUBLICATIONS

Sunglass Hut, p. 5, 2002.*

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57)                    **CLAIM**

The ornamental design for an eyeglasses, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglasses of the present invention;

FIG. **2** is a left-side elevational view of the eyeglasses, the right side elevational view being a mirror image thereof;

FIG. **3** is a front elevational view thereof;

FIG. **4** is a rear elevational view thereof;

FIG. **5** is a top plan view thereof; and,

FIG. **6** is a bottom plan view thereof.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 4 Drawing Sheets**



**U.S. Patent**      Jul. 31, 2007      Sheet 1 of 4      **US D547,794 S**



## FIG. 1



# FIG. 2



# FIG. 3



# FIG. 4



# FIG. 5

U.S. Patent     Jul. 31, 2007     Sheet 4 of 4          US D547,794 S



# FIG. 6

# EXHIBIT H



US00D554689S

(12) **United States Design Patent**    (10) Patent No.:     **US D554,689 S**
Jannard et al.                          (45) Date of Patent:  ** **Nov. 6, 2007**

(54) **EYEGLASS FRAME**

(75) Inventors: **James H. Jannard**, Spieden Island, WA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Colin Baden**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term:     **14 Years**

(21) Appl. No.: **29/272,776**

(22) Filed:     **Feb. 15, 2007**

**Related U.S. Application Data**

(62) Division of application No. 29/227,719, filed on Apr. 13, 2005.

(51) **LOC (8) Cl.** ................................................ **16-06**
(52) **U.S. Cl.** ........................................... **D16/326**
(58) **Field of Classification Search** ...... D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–111, 351/156, 61, 114–119, 121–123; 2/426–432, 2/447–449, 441, 436, 434–437
See application file for complete search history.

(56)            **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D192,885 | S | * | 5/1962 | Petitto ......................... D16/329 |
| D193,028 | S | | 6/1962 | Petitto |
| D199,150 | S | | 9/1964 | Carmichael |
| D202,658 | S | | 10/1965 | Petitto |
| D209,862 | S | | 1/1968 | McCracken |
| D210,418 | S | * | 3/1968 | Bloch ......................... D16/326 |
| D218,569 | S | * | 9/1970 | McCracken ................ D16/325 |
| D264,094 | S | * | 4/1982 | Morris ......................... D16/325 |
| D268,683 | S | | 4/1983 | Tenny |
| D285,020 | S | | 8/1986 | Schmidthaler |
| D372,726 | S | | 8/1996 | Simioni |
| D390,589 | S | | 2/1998 | Simioni |
| D397,351 | S | | 8/1998 | Simioni |
| D399,238 | S | * | 10/1998 | Simioni ..................... D16/326 |
| D407,099 | S | | 3/1999 | Wang |
| D414,796 | S | | 10/1999 | Arnette |
| D420,035 | S | * | 2/2000 | Hartman .................... D16/325 |
| D449,641 | S | * | 10/2001 | Arnette ..................... D16/326 |
| D488,499 | S | * | 4/2004 | Mage ......................... D16/326 |
| D500,781 | S | * | 1/2005 | Mage ......................... D16/326 |
| D518,847 | S | * | 4/2006 | Teng ......................... D16/326 |
| D532,033 | S | * | 11/2006 | Mangum .................... D16/326 |
| D534,572 | S | * | 1/2007 | Teng ......................... D16/326 |
| D534,573 | S | * | 1/2007 | Mage ......................... D16/326 |
| D536,028 | S | * | 1/2007 | Paulson .................... D16/326 |
| D537,467 | S | * | 2/2007 | Teng ......................... D16/326 |

OTHER PUBLICATIONS

Sunglass Hut, p. 5, 2002.*
U.S. Appl. No. 29/227,719, filed Apr. 13, 2005, Jannard, Pending application.

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57)              **CLAIM**

The ornamental design for an eyeglass frame, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass frame of the present invention;

FIG. **2** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **3** is a front elevational view thereof;

FIG. **4** is a rear elevational view thereof;

FIG. **5** is a top elevational view thereof; and,

FIG. **6** is a bottom plan view thereof.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 4 Drawing Sheets**



**EXHIBIT H**

**U.S. Patent**          Nov. 6, 2007          Sheet 1 of 4          US D554,689 S



# *FIG. 1*



*FIG. 2*



*FIG. 3*



*FIG. 4*



# FIG. 5



*FIG. 6*

# EXHIBIT I



US00D556818S

(12) **United States Design Patent**     (10) Patent No.:     **US D556,818 S**
Jannard et al.                            (45) Date of Patent:   **     Dec. 4, 2007**

(54)  **EYEGLASS COMPONENTS**

(75)  Inventors: **James H. Jannard**, Spieden Island, WA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Colin Baden**, Irvine, CA (US)

(73)  Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**)  Term:     **14 Years**

(21)  Appl. No.: **29/272,777**

(22)  Filed:     **Feb. 15, 2007**

**Related U.S. Application Data**

(62)  Division of application 29/227,719, filed on Apr. 13, 2005, now Pat. No. Des. 547,794.

(51)  **LOC (8) Cl.** ................................................ **16-06**
(52)  **U.S. Cl.** .................................... **D16/326**; D16/335
(58)  **Field of Classification Search** ....... D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–111, 351/156, 61, 114–119, 121–123; 2/426–432, 2/447–449, 441, 436, 434–437
      See application file for complete search history.

(56)  **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D193,028 S | 6/1962 | Petitto |
| D199,150 S | 9/1964 | Carmichael |
| D202,658 S | 10/1965 | Petitto |
| D209,862 S | 1/1968 | McCracken |
| D268,683 S | 4/1983 | Tenny |
| D285,020 S | 8/1986 | Schmidthaler |
| D372,726 S | 8/1996 | Simioni |
| D390,589 S | 2/1998 | Simioni |
| D397,351 S | 8/1998 | Simioni |
| D407,099 S | 3/1999 | Wang |
| D414,796 S | 10/1999 | Arnette |

| | | | | |
|---|---|---|---|---|
| D481,063 S | * | 10/2003 | Lane | D16/326 |
| D500,781 S | * | 1/2005 | Mage | D16/335 |
| D534,572 S | * | 1/2007 | Teng | D16/337 |
| D535,318 S | * | 1/2007 | Teng | D16/335 |
| D535,319 S | * | 1/2007 | Chuang | D16/326 |
| D536,026 S | * | 1/2007 | Bruck | D16/326 |
| D537,467 S | * | 2/2007 | Teng | D16/326 |

OTHER PUBLICATIONS

Pending U.S. Appl. No. 29/227,719, filed Apr. 13, 2005, Jannard.

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57)  **CLAIM**

The ornamental design for an eyeglass components, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass components of the present invention;

FIG. **2** is a perspective view thereof;

FIG. **3** is a front elevational view thereof;

FIG. **4** is a lateral left-side elevational view thereof, the lateral right-side elevational view being a mirror image thereof;

FIG. **5** is a medial left-side elevational view thereof, the medial right-side elevational view being a mirror image thereof;

FIG. **6** is a rear elevational view thereof;

FIG. **7** is a bottom plan view thereof; and,

FIG. **8** is a top elevational view thereof.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 5 Drawing Sheets**



**EXHIBIT I**



# FIG. 1

EXHIBIT I
- 46 -



## FIG. 2

EXHIBIT I

- 47 -



*FIG. 3*

*FIG. 4*

*FIG. 5*

*FIG. 6*

EXHIBIT I

- 48 -



*FIG. 7*

EXHIBIT I

- 49 -



## *FIG. 8*

EXHIBIT I

# EXHIBIT J



US00D547793S

(12) **United States Design Patent** (10) Patent No.: **US D547,793 S**
Baden et al. (45) Date of Patent: ** **Jul. 31, 2007**

(54) **EYEGLASSES**

(75) Inventors: **Colin Baden**, Irvine, CA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/225,018**

(22) Filed: **Mar. 10, 2005**

(51) **LOC (8) Cl.** ............................................... **16-06**
(52) **U.S. Cl.** .................................................... **D16/326**
(58) **Field of Classification Search** ....... D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–111, 351/156, 61, 114–119, 121–123; 2/426–432, 2/447–449, 441, 434–437
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D187,299 S | | 2/1960 | Behr |
| D192,885 S | * | 5/1962 | Petitto .......................... D16/329 |
| D193,028 S | | 6/1962 | Petitto |
| D199,150 S | | 9/1964 | Carmichael |
| D202,658 S | | 10/1965 | Petitto |
| D204,812 S | | 5/1966 | Schindler |
| D209,862 S | | 1/1968 | McCracken |
| D210,418 S | * | 3/1968 | Bloch .......................... D16/326 |
| D218,569 S | * | 9/1970 | McCracken ................. D16/325 |
| D264,094 S | * | 4/1982 | Morris ........................ D16/325 |
| D268,683 S | | 4/1983 | Tenny |
| D339,816 S | | 9/1993 | Jackson |
| D363,504 S | | 10/1995 | Arnette |
| D372,726 S | | 8/1996 | Simioni |
| D372,929 S | | 8/1996 | Conway |
| D377,803 S | | 2/1997 | Wilson |

| | | | |
|---|---|---|---|
| D389,504 S | | 1/1998 | Simioni |
| D390,589 S | | 2/1998 | Simioni |
| D392,308 S | | 3/1998 | Simioni |
| D397,351 S | | 8/1998 | Simioni |
| D399,238 S | * | 10/1998 | Simioni ..................... D16/326 |
| D414,796 S | | 10/1999 | Arnette |
| D420,035 S | * | 2/2000 | Hartman ..................... D16/325 |
| D449,641 S | * | 10/2001 | Arnette ...................... D16/326 |
| D488,499 S | * | 4/2004 | Mage ......................... D16/326 |
| D500,781 S | * | 1/2005 | Mage ......................... D16/326 |
| D518,847 S | * | 4/2006 | Teng .......................... D16/326 |
| D532,033 S | * | 11/2006 | Mangum ..................... D16/326 |
| D534,572 S | * | 1/2007 | Teng .......................... D16/326 |
| D534,573 S | * | 1/2007 | Mage ......................... D16/326 |
| D536,028 S | * | 1/2007 | Paulson ..................... D16/326 |
| D537,467 S | * | 2/2007 | Teng .......................... D16/326 |

OTHER PUBLICATIONS

Sunglass Hut, p. 5, 2002.*

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for an eyeglasses, as shown and described.

**DESCRIPTION**

FIG. 1 is a front perspective view of the eyeglasses of the present invention;

FIG. 2 is a front elevational view thereof;

FIG. 3 is a rear elevational view thereof;

FIG. 4 is a left-side elevational view of the eyeglasses, the right side elevational view being a mirror image thereof;

FIG. 5 is a top plan view thereof; and,

FIG. 6 is a bottom plan view thereof.

**1 Claim, 4 Drawing Sheets**





# *FIG. 1*



## FIG. 2



## FIG. 3



## FIG. 4



# FIG. 5

U.S. Patent        Jul. 31, 2007        Sheet 4 of 4        US D547,793 S



*FIG. 6*

# EXHIBIT K



US00D661339S

(12) **United States Design Patent**
Thixton et al.

(10) Patent No.: **US D661,339 S**
(45) Date of Patent: ** Jun. 5, 2012

(54) **EYEGLASS**

(75) Inventors: **Lek Thixton**, Eastsound, WA (US);
**Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/407,957**

(22) Filed: **Dec. 5, 2011**

(51) **LOC (9) Cl.** .................................................. **16-06**
(52) **U.S. Cl.** ...................... **D16/321**; D16/326; D16/335
(58) **Field of Classification Search** ................. D16/101,
D16/300–342, 900; D29/109–110; D24/110.2;
351/41, 44, 51–52, 62, 158, 92, 103–123,
351/140, 153, 45–46; 2/426–432, 447–449,
2/441, 434–437, 13, 15; D21/483, 659–661;
D14/372
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D178,178 S | 7/1956 | Fleming | |
| D192,885 S | 5/1962 | Pettito | |
| D210,418 S | 3/1968 | Bloch et al. | |
| D218,569 S | 9/1970 | McCracken | |
| D380,766 S | 7/1997 | Simioni | |
| D497,934 S | 11/2004 | Sheldon | |
| D539,833 S | 4/2007 | Chuang | |
| D542,330 S | * | 5/2007 | Elmore ........................ D16/326 |
| D545,868 S | 7/2007 | Chuang | |
| D549,270 S | * | 8/2007 | Daems et al. ............... D16/321 |
| D550,272 S | 9/2007 | Markovitz | |
| D554,688 S | * | 11/2007 | Elmore ....................... D16/326 |
| D554,689 S | 11/2007 | Jannard et al. | |
| D555,705 S | 11/2007 | Chuang | |
| D561,809 S | 2/2008 | Yee | |
| D561,813 S | * | 2/2008 | Baden et al. ............... D16/325 |
| D569,412 S | 5/2008 | Jannard et al. | |
| D570,897 S | 6/2008 | Fuchs | |
| D575,323 S | 8/2008 | Jannard et al. | |
| D577,759 S | 9/2008 | Yee | |
| D581,444 S | 11/2008 | Jannard et al. | |
| D585,475 S | 1/2009 | Yang | |
| D586,379 S | * | 2/2009 | Thixton et al. ............... D16/325 |
| D599,838 S | 9/2009 | Rohrbach | |
| D601,613 S | 10/2009 | Yee | |
| D601,614 S | * | 10/2009 | Mouclier ..................... D16/321 |
| D604,756 S | 11/2009 | Shin et al. | |
| D604,758 S | 11/2009 | Rohrbach et al. | |
| D604,759 S | 11/2009 | Rohrbach et al. | |
| D607,040 S | 12/2009 | Rohrbach | |
| D610,603 S | 2/2010 | Thixton | |
| D610,604 S | 2/2010 | Thixton | |
| D616,013 S | 5/2010 | Reed | |
| D616,919 S | 6/2010 | Thixton | |
| D620,970 S | 8/2010 | Thixton | |
| D622,302 S | * | 8/2010 | Yee .............................. D16/314 |
| D622,304 S | 8/2010 | Baden et al. | |
| D633,550 S | 3/2011 | Chou | |
| D636,010 S | 4/2011 | Moritz | |
| D648,771 S | 11/2011 | Rohrbach | |
| D649,579 S | 11/2011 | Thixton | |

* cited by examiner

*Primary Examiner* — Raphael Barkai
(74) *Attorney, Agent, or Firm* — Knobbe Martens Olson & Bear, LLP

(57) **CLAIM**
The ornamental design for an eyeglass, as shown and described.

**DESCRIPTION**

FIG. 1 is a front perspective view of an eyeglass of the present invention;
FIG. 2 is a front elevational view thereof;
FIG. 3 is a rear elevational view thereof;
FIG. 4 is a left side elevational view thereof, the right side elevational view being a mirror image thereof;
FIG. 5 is a top plan view thereof; and,
FIG. 6 is a bottom plan view thereof.
The broken line portions of the drawings are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 4 Drawing Sheets**





*FIG. 1*



*FIG. 2*



*FIG. 3*



*FIG. 4*



*FIG. 5*

U.S. Patent          Jun. 5, 2012          Sheet 4 of 4          US D661,339 S



*FIG. 6*

# EXHIBIT L



US00D620970S

(12) **United States Design Patent**

Thixton

(10) Patent No.:       **US D620,970 S**

(45) Date of Patent:    ** **Aug. 3, 2010**

(54) **EYEGLASS COMPONENT**

(75) Inventor:  **Lek Thixton**, Eastsound, WA (US)

(73) Assignee:  **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term:  **14 Years**

(21) Appl. No.: **29/348,088**

(22) Filed:  **Nov. 25, 2009**

**Related U.S. Application Data**

(62) Division of application No. 29/315,956, filed on Aug. 10, 2009, now Pat. No. Des. 610,604.

(51) **LOC (9) Cl.** ................................................. **16-06**
(52) **U.S. Cl.** ................................................... **D16/326**
(58) **Field of Classification Search** ............... D16/101, D16/300–342; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–123, 351/140, 153, 45–46; 2/426–432, 447–449, 2/441, 436, 434–437, 13, 15; D21/483, 659–661
See application file for complete search history.

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D204,812 S | 5/1966 | Shindler | |
| D210,418 S | 3/1968 | Bloch | |
| D377,803 S | 2/1997 | Wilson | |
| D378,375 S | 3/1997 | Tsai | |
| D390,589 S | 2/1998 | Simioni | |
| D397,351 S | 8/1998 | Simioni | |
| D400,230 S | 10/1998 | Arnette | |
| D406,858 S | 3/1999 | Arnette | |
| D411,560 S | 6/1999 | Arnette | |
| D415,515 S | 10/1999 | Arnette et al. | |
| D420,035 S | 2/2000 | Hartman | |
| D422,010 S | 3/2000 | Arnette | |
| D430,591 S | 9/2000 | Arnette | |
| D488,499 S | 4/2004 | Mage | |
| D500,781 S | 1/2005 | Mage | |
| D534,573 S | 1/2007 | Mage | |
| D536,027 S | 1/2007 | Paulson | |
| D539,830 S | 4/2007 | Saderholm et al. | |

| | | | |
|---|---|---|---|
| D547,794 S | | 7/2007 | Jannard et al. | |
| D548,269 S | * | 8/2007 | Baden et al. ............... D16/326 |
| D550,272 S | | 9/2007 | Markovitz | |
| D552,665 S | | 9/2007 | Mage | |
| D554,689 S | | 11/2007 | Jannard et al. | |
| D556,818 S | | 12/2007 | Jannard et al. | |
| D558,816 S | | 1/2008 | Yee | |
| D561,810 S | | 2/2008 | Fox et al. | |
| D568,371 S | * | 5/2008 | Chen ......................... D16/323 |
| D575,323 S | * | 8/2008 | Jannard et al. ............. D16/335 |
| D575,813 S | * | 8/2008 | Li ............................. D16/326 |
| D577,759 S | * | 9/2008 | Yee ........................... D16/326 |

(Continued)

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57)                **CLAIM**

The ornamental design for an eyeglass component, as shown and described.

**DESCRIPTION**

**FIG. 1** is a front perspective view of the eyeglass component of the present invention;

**FIG. 2** is a front elevational view thereof;

**FIG. 3** is a rear elevational view thereof;

**FIG. 4** is a left-side lateral elevational view thereof, the right-side lateral elevational view being a mirror image thereof;

**FIG. 5** is a right-side medial elevational view thereof, the left-side medial elevational view being a mirror image thereof;

**FIG. 6** is a top plan view thereof; and,

**FIG. 7** is a bottom elevational view thereof.

**1 Claim, 4 Drawing Sheets**



**EXHIBIT L**

**US D620,970 S**

Page 2

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D585,928 S | * | 2/2009 | Markovitz | D16/326 |
| D594,052 S | * | 6/2009 | Yang | D16/326 |
| D595,333 S | * | 6/2009 | Markovitz et al. | D16/321 |

| | | | | |
|---|---|---|---|---|
| D604,759 S | * | 11/2009 | Rohrbach et al. | D16/335 |
| D606,113 S | * | 12/2009 | Daems et al. | D16/326 |

* cited by examiner

EXHIBIT L

- 62 -



*FIG. 1*

EXHIBIT L
- 63 -

**U.S. Patent**     Aug. 3, 2010     Sheet 2 of 4     US D620,970 S



FIG. 2

FIG. 3

FIG. 4

FIG. 5

EXHIBIT L

- 64 -

**U.S. Patent**    Aug. 3, 2010    Sheet 3 of 4    US D620,970 S



# FIG. 6

EXHIBIT L

- 65 -

U.S. Patent       Aug. 3, 2010       Sheet 4 of 4       US D620,970 S



### FIG. 7

EXHIBIT L

- 66 -

# EXHIBIT M



**EXHIBIT M**

# EXHIBIT N



**EXHIBIT N**

# EXHIBIT O

- 69 -



**EXHIBIT O**